UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-183-RJC
(3:06-cr-364-RJC-1)

| | |
|---|---|
| **MARTINEZ ORLANDIS BLACK,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court sua sponte.

Petitioner filed a pro se Motion to Vacate pursuant to 28 U.S.C. § 2255 in the instant case, raising a double jeopardy claim. [Doc. 1]. The Court ordered the United States to respond to the Petitioner's Motion to Vacate on March 31, 2023. [Doc. 2]. On April 19, 2023, the Petitioner filed a Notice of Appeal from the underlying criminal Judgment, Fourth Cir. Case No. 23-4280. [See Criminal Case No. 3:06-cr-00365-RJC-1 ("CR") Doc. 42]. On June 6, 2023, the Court stayed the instant proceedings on the United States' Motion, until the issuance of the mandate in Petitioner's appeal. [Doc. 4]. The Court extended the United States' deadline to respond to the Motion to Vacate until 30 days after the issuance of the Fourth Circuit's mandate. [Id.]. Petitioner then filed a "Motion of F.R.C.P. – Rule 60(B)(1), (4), (6), (3)" in which he purports to present an additional § 2255 claim, *i.e.*, that the Judgment is invalid because two conditions of supervised release were not orally pronounced at sentencing. [Doc. 5]. On December 11, 2023, the Petitioner filed an Amended § 2255 Motion to Vacate, raising claims including ineffective assistance of counsel and actual innocence. [Doc. 6].

The Fourth Circuit issued its mandate in Case No. 23-4280 on December 27, 2023. Accordingly, the Clerk will be instructed to lift the stay and reopen this case.

Petitioner's "Motion of F.R.C.P. – Rule 60(B)(1), (4), (6), (3)" is denied insofar as Petitioner has presented no grounds for Rule 60(b) relief. The Motion is also denied insofar as the Petitioner attempts to amend his Motion to Vacate in a piecemeal fashion. Petitioner will nevertheless be granted the opportunity to file a superseding Second Amended Motion to Vacate within 30 days of this Order, subject to all timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back); Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect") (internal citations and quotations omitted). Should the Petitioner fail to so amend, the Court will proceed on the Amended Motion to Vacate [Doc. 6]. See Young, 238 F.3d at 572. The United States shall have 30 days after the Petitioner's deadline to amend expires, in which to file its Response. Petitioner may reply within 21 days of the United States' filing of its response.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court is instructed to **LIFT** the Order of Abeyance [Doc. 4] and reopen this case.

2. Petitioner's "Motion of F.R.C.P. – Rule 60(B)(1), (4), (6), (3)" [Doc. 5] is **DENIED**.

3. Petitioner is granted leave file a superseding Second Amended Motion to Vacate within **thirty (30) days** of this Order. Should the Petitioner fail to so amend, the Court will proceed on the Amended Motion to Vacate [Doc. 6].

4. The United States shall file its Response **thirty (30) days** after Petitioner's deadline to file a superseding Second Amended Motion to Vacate expires.

5. Any Reply filed by Petitioner must be filed within **twenty-one (21) days** of the United States' filing of its Response.

Signed: January 3, 2024

_____
Robert J. Conrad, Jr.
United States District Judge